USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO QUINTANILLA,

                Plaintiff,

-against-

MARK MILLER; J. WERLAU; JOHN DOE #1;
JOHN DOE #2; JARRETTE Q. FULLARD;
JBHNH DOE #3; JOHN DOE #4; JONATHAN
BAEZ; JOHN DOE #5; JOHN DOE #6; JOHN
DOE #7; KENNETH S. HODGE; STEPHEN
WILCOX; S. MURPHY; COURTNEY E.
FERRIS, JR.; DANIEL F. PIPER; KEVIN R.
SALTERS; JOHN DOE #8; JOHN DOE #9;
JOHN DOE #10; SAMANTHA SELJA, RN;
JOHN/JANE DOE #11; JOHN/JANE #12-14,

                Defendants.

26-CV-2460 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants sexually assaulted him and failed to protect him from being assaulted by another incarcerated person. Named as Defendants are (1) Green Haven Superintendent Mark Miller; (2) Deputy of Security J. Werlau; (3) Officer Jarrette Q. Fullard; (4) Officer Jonathan Baez; (5) Sergeant Kenneth S. Hodge; (6) Captain Stephen Wilcox; (7) Captain S. Murphy; (8) Lieutenant Courtney E. Ferris, Jr.; (9) Sergeant Daniel F. Piper; (10) Sergeant Kevin R. Salters; (11) Samantha Selja, RN; and (12) fourteen enumerated John/Jane Does.

By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against Does 3-10, Piper, Salters, and Selja with leave to replead; (2) directs service on Miller, Werlau, Fullard, Baez, Hodge, Wilcox, Murphy, and Ferris; (3) directs the New York State Department of Corrections and Community Supervision ("DOCCS") to assist in identifying Does 1, 2, and 11-14; and (4) directs Defendants to comply with Local Civil Rule 33.2

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.     Claims against Does 3-10, Piper, and Salters

Plaintiff alleges that Does 3-10, Piper, and Salters failed to protect him from being assaulted by Defendant Fullard on October 31, 2023, and/or from being assaulted by another

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

incarcerated person on January 7, 2025. Such claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). The failure to protect an incarcerated plaintiff constitutes cruel and unusual punishment when prison officials exhibit "deliberate indifference" to a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such a claim, a plaintiff must allege that the defendant was aware of, and disregarded, "an excessive risk" to the "health or safety" of the plaintiff. *Morales v. N.Y. State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

Here, Plaintiff alleges that Does 3-10, Piper, and Salters were either on duty or in a supervisory position at the time Plaintiff was attacked. Plaintiff, however, alleges no facts suggesting that any of these defendants were subjectively aware of the assault before it occurred and disregarded the risk posed to Plaintiff. Moreover, a defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint. Because any amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in any amended complaint.

**B.      Claims against Selja**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

3

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). As noted above, a defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft*, 556 U.S. at 676. Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Selja was personally involved in the events giving rise to his claims. In fact, other than naming Selja as a defendant, Plaintiff does not appear to allege any facts about any acts or omissions she may have taken. The Court therefore dismisses Plaintiff's Section 1983 claims against Selja for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims against Selja in an amended complaint.

## C. Service on remaining named defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Miller, Werlau, Fullard, Baez, Hodge, Wilcox, Murphy, and Ferris through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### D.   *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify John/Jane Does #1, 2, and 11-14. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity and, if applicable, badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the identified John or Jane Doe defendants. The amended complaint will replace, not supplement, any previous complaints. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**E.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Court dismisses Plaintiff's claims against Does 3-10, Piper, Salters, and Selja for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint.

The Clerk of Court is directed to issue summonses for Defendants Miller, Werlau, Fullard, Baez, Hodge, Wilcox, Murphy, and Ferris, complete the USM-285 form with the address

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to New York State Attorney General's Office at: New York Attorney General, Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY, 10005. An amended complaint form is attached to this order.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 18, 2026
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

7

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  Superintendent Mark Miller
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

2.  Deputy J. Werlau
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

3.  Correction Officer Jarrette Q. Fullard
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

4.  Correction Officer Jonathan Baez
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

5.  Sergeant Kenneth S. Hodge
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

6.  Captain Stephen Wilcox
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

7.  Captain S. Murphy
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582

8.  Lieutenant Courtney E. Ferris, Jr.
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582